# Case No. 15,847.

## UNITED STATES v. MYERS.

[14 Int. Rev. Rec. 14.]

District Court, D. Maryland. December Term, 1870.

INTERNAL REVENUE — OPPOSING AND RESISTING A REVENUE OFFICER.

At law.

In the case of United States v. John Myers, George Snyder, and John Voight, indicted for conspiring and combining to and actually resisting a United States revenue officer, GILES, District Judge, delivered his decision upon the prayers offered on behalf of the defence. The prayers were as follows:

First. That the defendants cannot be convicted unless the jury are satisfied by proof

that they resisted by force or with any such show of force as to intimidate the officer, Herold, knowing at the time that he had a distraint warrant, and that he was then endeavoring to execute it.

Second. The defendants cannot be convicted under the first count unless the jury are satisfied by proof that they concerted and combined together to resist by force the execution of a distraint warrant, previously to the attempt by Herold to seize the horse in question.

Third. That the distraint warrant offered in evidence is not legal process within the meaning of the twenty-second section of the act of 1790 [1 Stat. 117], and therefore the defendants cannot be convicted under the indictment in this case.

Fourth. That if William Myers was dead before the issue of the distraint warrant, the same was not legal, and the defendants cannot be convicted.

Fifth. That Herold was not justified in seizing the horse of John Myers under a distraint against William Myers, and the said John cannot be convicted for resisting the seizure of the said horse.

Sixth. That the warrant of distress was not authorized by the revenue laws, because there was no publication in a newspaper; therefore the defendants cannot be convicted.

GILES, District Judge, in delivering his opinion said: This is an indictment under the 'twenty-second section of the act of 1790, and the late act of the 2d of March, 1867 [14 Stat. 471]. It is an indictment for a conspiracy to resist a revenue officer. The question which meets us on the threshold is, does the evidence in the case bring it within the act of congress upon which it is founded? and that depends upon the true construction of the act of 1790. The United States district attorney contends that the process of distraint is such a legal process as is referred to in that act, but to this proposition I cannot assent. The contrary is clearly shown by both legislative and judicial authority. If the view of the district attorney was correct, there would not have been any necessity for the passage of the subsequent acts upon this subject.

Judge GILES then referred to and read these acts, viz. the act of 1793 (1 Stat. 173), and the act of 1799 (Id. 678).

These acts, said the judge, would have been nugatory if the construction put by the United States district attorney upon the act of 1790 were correct. Similar provisions are also to be found in 3 Stat. 185, and in 4 Stat. 63. The internal revenue law itself, passed recently, also provides for the punishment of offences of this kind in its 38th and 67th sections. Now all these acts show that the act of 1790 does not include the case at bar; but in addi-

tion to these, there have also been direct decisions upon this point. The judge then referred to a decision of Judge Curtis (U. S. v. Stowell [Case No. 16,409]), and also to U. S. v. Wilson [Id. 16,731].

These authorities are to the effect that the act of 1790 was never intended to protect anything but process issued by the courts, magistrates, or commissioners of the United States in pursuance of its laws. Such being my opinion, I must grant the third prayer of the defendants, and that puts an end to the case.

Mr. Stirling then requested the court to decide the other points raised by the defendants' prayers, but the judge declined to do so, saying that he had not considered them, and intimating that it was his opinion that if the officer was about to take the property of John Myers (and whether it was the property of John Myers was a fact that he would have to leave to the jury) for the taxes due by William Myers, then he was not protected by his warrant, and the defendants could not be prosecuted for resisting him.

The judge then instructed the jury to render a verdict of "not guilty," which they did, and it was entered by the clerk.

The case of U. S. v. Keene [unreported], who had been jointly indicted with the persons above named, but who had severed his case from theirs, was then called, a jury sworn, and a verdict of "not guilty" also entered, in accordance with the instructions of the court to that effect.

The evidence upon the part of the United States in the above case was that the deputy collector, Mr. Herold, in pursuance of instructions from the collector of internal revenue, Mr. Samuel M. Evans, undertook to execute a warrant of distress by seizing a horse, at the Belair Market, for the amount of $7 taxes due by a certain William Myers for a license as a produce broker, and that he was resisted while so doing by Myers, Voight, Snyder, and a number of others, who threatened him, pushed and crowded upon him and assaulted him, so that he was compelled to call to his assistance a constable and policeman; that those resisting him while doing so declared that the tax on market people was illegal, and that their counsel, Mr. Keene, had advised them to resist, and that when the above-named parties were brought before United States Commissioner Rogers, Mr. R. G. Keene said that he had so advised them.

The testimony on the part of the defence was that William Myers, against whom the distraint warrant was issued, had died some time before; that the horse seized belonged to John Myers; and that the objection made and resistance offered was because the officer wanted to take John Myers's horse for the tax due by William Myers.